UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSUE ROSARIO,

                            Plaintiff,

    -v-

THE CITY OF NEW YORK; New York City Police
Department ("NYPD") Officer ("P.O.") ROBERT
JAQUEZ (Shield No. 3895); Sergeant MICHAEL
MILLER; and P.O. JANE DOE, in their individual
capacities,

                            Defendants.
------------------------------------------------------------x

**THIRD AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 15-CV-8927 (RJS)(RLE)

        Plaintiff Josue Rosario, by his attorney Gillian Cassell-Stiga of Rankin & Taylor, PLLC, for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of the State of New York.

2. Plaintiff Josue Rosario's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. Consistent with the requirements of New York General Municipal Law § 50-e, Mr. Rosario filed a timely Notice of Claim with the New York City Comptroller on or about July 15, 2015. Thus, this Court has supplemental jurisdiction over Mr. Rosario's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Mr. Rosario's claims have not been adjusted by the New York City Comptroller's Office.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

9. Plaintiff Josue Rosario is, and was at all times relevant to this action, a resident of the County of the Bronx in the State of New York.

10. Defendant The City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. NYPD Officer ("P.O.") P.O. Robert Jaquez, Sergeant Michael Miller, and P.O. Jane Doe, (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The individual defendants are being sued herein in their individual capacities.

13. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

15. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

16. The true name and shield number of defendant P.O. Jane Doe is not currently known to the plaintiff.[1] However, she is an employee or agent of the NYPD. Accordingly, she is entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officer as a defendant in an amended pleading once the true names and shield numbers of said defendants

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

3

become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

17. Mr. Rosario was unlawfully arrested by P.O. Robert Jaquez, Sergeant Michael Miller, and P.O. Jane Doe, on the afternoon of June 3, 2015, at 3521 Third Avenue in Bronx County in the State of New York.

18. Mr. Rosario was standing outside the tire store where he is employed, when Mr. Rosario was approached by undercover P.O. Jane Doe.

19. Undercover P.O. Jane Doe asked Mr. Rosario in sum and substance whether he smoked marijuana.

20. Mr. Rosario replied in the negative.

21. P.O. Jaquez, Sergeant Miller, and P.O. John Doe arrived on the street and searched Mr. Rosario, finding no contraband.

22. The officers arrest Mr. Rosario and confiscated his wages.

23. Mr. Rosario was taken to the precinct and eventually charged with Criminal Sale of Marijuana in the 4th Degree (P.L. § 221.40), Criminal Possession of Marijuana in the 5th Degree (P.L. § 221.10(1)), and Unlawful Possession of Marijuana (P.L. § 221.40).

24. These charges were based upon the false statements of P.O. Jaquez and P.O. Jane Doe.

25. Sergeant Miller failed to intervene in the conduct complained.

26. Mr. Rosario was held for less than twenty hours and accepted an Adjournment in Contemplation of Dismissal.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
### (Against the individual defendants)

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. By their conduct and actions in falsely arresting plaintiff, fabricating evidence, abusing process, taking property without due process of law, and by failing to intercede to prevent the complained of conduct, defendants P.O. Robert Jaquez, Sergeant Miller, P.O. Jane Doe, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

29. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS
### *(Against the City of New York)*

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. At all times material to this complaint, defendant The City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32. At all times material to this complaint, defendant The City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants P.O. Robert Jaquez, Sergeant Miller, and P.O. Jane Doe, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline individual defendants.

33. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST AND FALSE IMPRISONMENT
### UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

35. Mr. Rosario incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. By the actions described above, individual defendants caused to be falsely arrested or falsely arrested Mr. Rosario, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Mr. Rosario and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

37. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Mr. Rosario pursuant to the state common law doctrine of respondeat superior.

38. As a result of the foregoing, Mr. Rosario was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

### FOURTH CLAIM FOR RELIEF
### ASSAULT AND BATTERY
### UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

39. Mr. Rosario incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40. By the actions described above (namely, forwarding false information to other police officers, resulting in the custodial arrest of Mr. Rosario), the individual defendants did inflict assault and battery upon Mr. Rosario. The acts and conduct of individual defendants were the direct and proximate cause of injury and damage to Mr. Rosario and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Mr. Rosario pursuant to the state common law doctrine of respondeat superior.

42. As a result of the foregoing, Mr. Rosario suffered emotional distress, humiliation, and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF
## ABUSE OF PROCESS
## <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
### *(Against all defendants)*

43. Mr. Rosario incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44. By the conduct and actions described above, the individual defendants caused regularly issued process to be issued against Mr. Rosario compelling the performance or forbearance of prescribed acts, including but not limited to causing criminal process to issue. The purpose of activating the process was intent to harm Mr. Rosario without economic or social excuse or justification, and the individual defendants were seeking a collateral advantage or corresponding detriment to Mr. Rosario, including but not limited to covering for their own misdeeds by causing Mr. Rosario to be charged with crimes, a goal which was outside the legitimate ends of the process. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Mr. Rosario and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

45. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Mr. Rosario pursuant to the state common law doctrine of respondeat superior.

46. As a result of the foregoing, Mr. Rosario was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## SIXTH CLAIM FOR RELIEF
### NEGLIGENT HIRING, SCREENING, SUPERVISION, AND RETENTION
### UNDER THE LAWS OF THE STATE OF NEW YORK
(Defendant the City of New York)

47. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48. Defendant the City of New York negligently hired, screened, retained, supervised, and trained the individual defendants.

49. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

[this portion intentionally left blank]

## JURY DEMAND

50. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

- a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

- b. That he be awarded punitive damages against the individual defendants; and

- c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

- d. For such other further and different relief as to the Court may seem just and proper.

Dated:  New York, New York
        April 15, 2016

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
e: Gillian@DRMTLaw.com